Requestor: Herbert A. Kline, Town Attorney Town of Kirkwood P.O. Box 1864 Binghamton, New York 13902
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a town may designate its dog control officer a town constable for purposes of enforcing those provisions of article 26 of the Agriculture and Markets Law dealing with cruelty to dogs.
There are several options for the provision of dog control services in towns. A town may appoint its own dog control officer (Agriculture and Markets Law, § 114[1]); contract for dog control services with another municipality, incorporated humane society or incorporated dog protection association (id., § 114[2]); or, with one or more municipalities, jointly appoint dog control officers having jurisdiction in each of the cooperating municipalities (ibid.).
A dog control officer is not a peace officer (Criminal Procedure Law, § 2.10). Under section 119 of the Agriculture and Markets Law, however, dog control officers are granted all of the powers of constables or peace officers but only for purposes of enforcing article 7 dealing with the licensing and regulation of dogs.
Dog control officers are not authorized to enforce the provisions of article 26 of the Agriculture and Markets Law, dealing with cruelty to animals. Only police officers, constables and agents or officers of duly incorporated societies for the prevention of cruelty to animals are authorized to arrest, summon or issue appearance tickets for violations of article 26 (Agriculture and Markets Law, § 371; Criminal Procedure Law, § 150.20). We note that a peace officer acting pursuant to his special duties may serve any process in the enforcement of article 7 of the Agriculture and Markets Law dealing with licensing and control of dogs. A constable of a town is designated as a peace officer (Criminal Procedure Law, § 2.10[1]).
Thus, town constables are specifically given the authority to enforce the provisions of articles 7 and 26 of the Agriculture and Markets Law. Further, we believe that a town board, as the employer of a constable, may restrict his enforcement responsibilities under article 26 to the prevention of cruelty to dogs. Generally, the powers of peace officers may only be exercised when the officer is acting "pursuant to his special duties" (id., § 2.20; 1983 Op Atty Gen [Inf] 161).
We conclude that a town may designate its dog control officer a constable for purposes of enforcing those provisions of article 26 of the Agriculture and Markets Law dealing with cruelty to dogs. As a peace officer, the constable would have to be trained in accordance with the requirements of State law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.